SWIFT, Judge.
Plaintiff, Mary Sanders, instituted this action to have a foreclosure sale of her property annulled, asserting it was invalid because the price was insufficient to discharge an existing superior mortgage as required by LSA-C.C.P. 2337.[1] Following a hearing, the trial judge decreed the sale a nullity. Defendant, Joe Pasternack, Jr., has perfected this appeal.
On August 24, 1968, plaintiff executed a promissory note in which she agreed to pay the sum of $700 to Joe Pasternack, Jr. To secure the note, she signed an act of mortgage on a portion of Lot 57 in Helena Plantation Subdivision in Concordia Parish which was filed for record December 7, 1971.
Following her default on the note, defendant obtained judgment on February 9, 1973, against Ms. Sanders in the sum of $622.35, plus eight per cent per annum interest from June 4,1970, and 25 per cent of principal and interest as an attorney’s fee. The judgment also ordered that the mortgage securing the note be recognized and maintained. The mortgaged property was seized on April 17, 1973, pursuant to a writ of fi fa. On June 13,1973, it was adjudicated to Mr. Pasternack, the seizing creditor, for the sum of $1,000.00, two thirds of its appraised value. He tendered the sum of $149.00, the costs of the sale, and retained the remainder.
The mortgage certificate obtained by the sheriff in connection with the sale reflected a mortgage was executed by Ms. Sanders on the property in question in favor of the *686 East Louisiana Mortgage Co., Inc., (East Louisiana Company) to secure a promissory note in the sum of $2,310.00, dated July 11, 1968, payable in 47 monthly installments of $48.12 and a final payment of $48.36 beginning August 4, 1968. This mortgage was filed for record July 12, 1968. Thus, it is clear that East Louisiana Company’s mortgage was superior to the mortgage granted the defendant. The latter contends, however, that the superior mortgage had been extinguished by payment of the note secured thereby prior to the date of the judicial sale.
The plaintiff testified that she paid off East Louisiana Company’s mortgage note in 1974. However, she produced receipts from East Louisiana Company which show that on July 6, 1972, she had actually paid this mortgagee sufficient sums to extinguish the indebtedness secured by its mortgage.
The record indicates that Ms. Sanders executed two additional promissory notes to East Louisiana Company in 1970. One note was for $275.00, payable in 11 monthly installments of $25.00 beginning April, 1970. The second note was for $54.00, payable on demand. Neither of the latter notes were secured by a mortgage.
The receipts, which Ms. Sanders produced and said were for payments on her house that was mortgaged to East Louisiana Mortgage Company, do not indicate whether the payments were credited by the company to its 1968 mortgage note or the 1970 unsecured notes. Nevertheless, LSA-C.C. Art. 2166, states that when the receipt bears no imputation
“[T]he payment must be imputed to the debt, which the debtor had at the time most interest in discharging, of those that are equally due; otherwise to the debt which has fallen due, though less burdensome than those which are not yet payable.
“If the debts be of a like nature, the imputation is made to the debt which has been longest due; if all things are equal, it is made proportionally.”
In the present action, since East Louisiana Company’s 1968 note was longest due and was the most burdensome by reason of the mortgage, the first $2,310.00 of the payments received by the company had to be imputed to the mortgage note rather than its 1970 unsecured notes. Consequently, it is clear that such note has been fully paid almost a year before the judicial sale took place on June 13, 1973. Our supreme court has definitively held that after a mortgage note for a specific debt had been paid, the mortgage is extinguished and thereafter the debt burden cannot be increased to the prejudice of junior mortgagees. Thrift Funds Canal, Inc. v. Foy, 261 La. 573, 260 So.2d 628 (1972).
We therefore conclude that since East Louisiana Company’s superior mortgage had been extinguished prior to the date of the judicial sale, there was no violation of LSA-C.C.P. Art. 2337 and the trial judge erred in nullifying the sale for such reason. Also, our calculations reveal that the total amount due the defendant on his mortgage foreclosure judgment at the time of the judicial sale, plus the costs, exceeded the bid price. Under the circumstances, he was only obliged to pay the sheriff the costs, as he did.
For the foregoing reasons, the judgment of the trial court is reversed insofar as it decreed the sheriff’s sale of June 13, 1973, to Joe Pasternack, Jr., recorded under Document No. 122,257, Concordia Parish, Louisiana, records a nullity, but otherwise it is affirmed. All court costs are assessed to plaintiff-appellee.
REVERSED IN PART AND AFFIRMED IN PART.

. The article provides: “If the price offered by the highest bidder at the first or subsequent offering is not sufficient to discharge the costs of the sale and the mortgages, liens, and privileges superior to that of the seizing creditor, the property shall not be sold.”